IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH,

       Plaintiff,

  v.

CENTRAL INTELLIGENCE AGENCY,

       Defendant.

Case No. 1:16-cv-00449

**DECLARATION OF ANTOINETTE B. SHINER
INFORMATION REVIEW OFFICER
LITIGATION INFORMATION REVIEW OFFICE
CENTRAL INTELLIGENCE AGENCY**

I, ANTOINETTE B. SHINER, hereby declare and state:

1. I continue to serve as the Information Review Officer ("IRO") for the Litigation Information Review Office ("LIRO") at the Central Intelligence Agency ("CIA" or "Agency"). I respectfully refer the Court to the CIA's previous public declarations as well as the classified declaration filed on 9 September 2016 for my background as well as a detailed account of the request and the procedural history of this case.

2. In their most recent filing, Plaintiff has augmented its argument that the special activity exception to the operational files exemption applies by providing a selective portion of a quote from former CIA Director Leon Panetta that

Case 1:16-cv-00449-KBJ   Document 18   Filed 10/03/16   Page 2 of 4

Plaintiff claims acknowledges the raid was a covert action.[1] Specifically, in an interview with the PBS Newshour, former Director Panetta stated, in response to reporter Jim Lehrer's question[2]:

> Now, where were you, as director of central intelligence, during this operation?:
>
> Leon Panetta: "Since this was what's called a "title 50" operation, which is a covert operation, and it comes directly from the President of the United States who made the decision to conduct this operation in a covert way, that direction goes to me. And then, I am, you know, the person who then commands the mission. But having said that, I have to tell you that the real commander was Adm. McRaven because he was on site, and he was actually in charge of the military operation that went in and got bin Laden."

3. As previous declarations and pleadings note, the raid on Osama bin Laden's compound in Abbottabad, Pakistan has been widely and publicly acknowledged. Mr. Panetta's statements were entirely consistent with the other official acknowledgements relating to the raid and did not acknowledge that the operation was conducted under covert action authorities.

4. First, the term "covert operation" is not synonymous with a "covert action," nor is Mr. Panetta's description of the raid as "covert" an acknowledgement of a "covert action."

---

[1] From the PBS interview, "CIA Chief Panetta: Obama Made 'Gutsy' Decision on Bin Laden Raid," PBS, May 3, 2011.
[2] Plaintiff's response includes a portion of Mr. Panetta's answer to Mr. Lehrer's question. We include the full quote here.

Unquestionably, the bin Laden raid was a "'covert' operation" conducted clandestinely with the knowledge of only select U.S. government officials. Accordingly, the use of the word "covert" does not acknowledge the legal authorities associated with the raid; rather, "covert" acknowledges nothing more than the clandestine nature of this extraordinarily sensitive operation.

5. Likewise, the reference to "Title 50" does not in any way acknowledge a covert action that would trigger the special activity exception to the operational files exemption. Title 50 includes numerous statutes covering all manner of war and national defense -- the CIA is not the only agency with authorities contained in Title 50, and covert action is not the only type of activity contemplated in Title 50. For example, certain responsibilities of the Secretary of Defense are also listed within Title 50. *See*, 50 U.S.C. § 3038. Additionally, Section 104A of the National Security Act of 1947 (codified at 50 U.S.C. § 3036) lists among the responsibilities of the CIA Director to, "perform such other functions and duties related to intelligence affecting the national security as the President or the Director of National Intelligence may direct." Thus, the scope of Title 50 is clearly expansive, and it offers authorities that are not limited to covert action.

6. In conclusion, a "covert operation" does not equate to covert action and Mr. Panetta's statement, when read in its full context, does not acknowledge the raid as being conducted under covert action authorities, but, at most, as a secret operation involving military and Agency input.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of September 2016.

_____
Antoinette B. Shiner
Information Review Officer
Litigation Information Review Office
Central Intelligence Agency